**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hector G. Fragosa, Claimant, Appellant,

v.

Kade Construction, LLC, Employer, and Key Risk
Insurance Company of S.C., Carrier, Respondents.

Appellate Case No. 2014-002354

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2016-UP-139
Heard March 9, 2016 – Filed March 30, 2016

———————

**AFFIRMED**

———————

Stephen Benjamin Samuels, of Samuels Law Firm, LLC,
of Columbia, and Jeffrey Christopher Chandler, of
Chandler Law Firm, of Myrtle Beach, for Appellant.

Michael W. Burkett and John Gabriel Coggiola, both of
Willson Jones Carter & Baxley, P.A., of Columbia, for
Respondents.

———————

**PER CURIAM:** Hector Fragosa appeals the South Carolina Workers'
Compensation Commission Appellate Panel's order, arguing the Appellate Panel
erred in finding he did not suffer physical brain damage, and thus, was not entitled

to lifetime benefits.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers' compensation commission."); *id.* ("The substantial evidence rule of the APA governs the standard of review in a workers' compensation decision."); *id.* at 620, 611 S.E.2d at 300 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (holding the Appellate Panel is the ultimate fact finder, and the final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel); *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence.").

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**